(No. 3415—

HAROLD LESCH, SON OF CHARLES H. LESCH, DECEASED AND SAMUEL H. SHAPIRO, AS ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF CHARLES H. LESCH, DECEASED, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 11, 1941.*

MILLER & SHAPIRO, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

On April 7, 1939, and for a long time prior thereto, Charles H. Lesch was in the employ of the respondent as a skilled laborer, his duties being to operate an auto patrol grader for maintaining gravel shoulders adjoining the concrete pavement on U. S. Route 52, from Kankakee northwest. On the last mentioned date he took the grader to the division garage in Ottawa for minor repairs, and was returning same to the regular station in Kankakee pursuant to instructions of his assistant maintenance foreman, and while crossing the tracks of the C. R. I. & P. Railroad at Morris, Illinois, was struck by the train known as the Golden State Limited and was instantly killed.

Thereafter Samuel H. Shapiro was duly appointed Administrator with the Will Annexed of the estate of said Charles H. Lesch, deceased, and said Administrator and Harold Lesch, son of decedent, have filed their joint complaint herein asking for an award under the provisions of the Workmen's Compensation Act of this State on account of the death of said decedent.

From a consideration of the facts in the record we find as follows:

1. That on the 7th day of April, A. D. 1939, the said Charles H. Lesch and the respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on said date said Charles H. Lesch sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to said respondent, and claim for compensation on account thereof was made within the time required by the provisions of said Act.

2. That the annual earnings of said Charles H. Lesch during the year next preceding the accident were Eight Hundred Seventy-three Dollars and Fifty Cents ($873.50) and his average weekly wage was Sixteen Dollars and Eighty Cents ($16.80).

3. That said Charles H. Lesch left him surviving no widow, no child or children under sixteen (16) years of age; no parent; no grand-parent, grand-child or grand-children, collateral heirs or others dependent upon him in whole or in part for their support.

We further find that under the provisions of paragraph (e) of Section Seven (7) of the Workmen's Compensation Act in force at the time of the accident, the respondent is liable for funeral expenses of the decedent in an amount not to exceed One Hundred Fifty Dollars ($150.00), which amount is to be paid to the person incurring the expense of burial. The evidence discloses that the claimant, Samuel H. Shapiro, as Administrator with the Will Annexed of the estate of said decedent, paid such funeral expenses and that the same exceed One Hundred Fifty Dollars ($150.00). He is therefore entitled to be reimbursed therefor by the respondent to the extent of $150.00.

We further find that pursuant to the further provisions of said paragraph (e) of Section Seven (7) of the Workmen's Compensation Act, in force at the time of the accident, the respondent is also required to pay into a special fund, of which the State Treasurer is ex-officio custodian, the sum of Six Hundred Dollars ($600.00).

Award is therefore hereby made as follows:

a) To Samuel H. Shapiro, as Administrator with the Will Annexed of the estate of said decedent, in re-payment for funeral expenses advanced by him, the sum of One Hundred Fifty Dollars ($150.00).

b) To the State Treasurer of the State of Illinois as ex-officio custodian of the Workmen's Compensation Special Fund, the sum of Six Hundred Dollars ($600.00), said sum to be held and disbursed by said State Treasurer in accordance with the provisions of the Workmen's Compensation Act of this State.

This award, being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof" (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable

from the appropriation from the Road Fund in the manner provided by the foregoing Acts.